**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2661-17T4

BRADD THOMPSON,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted September 16, 2019 – Decided November 25, 2019

Before Judges Sabatino, Sumners and Geiger.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, Docket No. 3-94744.

Malamut & Associates, LLC, attorneys for appellant (Christopher Patrick St. John, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Adam Blake Masef, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Bradd Thompson became enrolled in the Police and Firemen's Retirement System (PFRS) following his hiring as an investigator with the Burlington County Board of Chosen Freeholders effective August 1, 2002. Fifteen years later in August 2017, and after purchasing five years and two months military service credit towards his PFRS membership, he applied for twenty-year service retirement pension benefits (early service retirement pension benefits) under N.J.S.A. 43:16A-5(3).

On January 9, 2018, the Board of Trustees (Board), PFRS, issued a final agency decision, finding that because Thompson was not a member of PFRS on January 18, 2000, the effective date of N.J.S.A. 43:16A-5(3), he did not qualify for early service retirement pension benefits. See also N.J.A.C. 17:4-6.11.

Before us, Thompson contends:

> POINT I
> N.J.S.A. 43:16A-5(3) DOES NOT REQUIRE, AS A PREREQUISITE, THE MEMBER TO BE ENROLLED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE (JANUARY 18, 2000).
>
> POINT II
> THE PROVISION PROVIDING FOR A "20 AND OUT" SERVICE WILL PROTECT THE FINANCIAL INTEGRITY OF THE PENSION FUND.

We incorporate by reference the legal analysis set forth in the consolidated matters of <u>Jason Fairchild v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, No. A-1361-17 (App. Div. Nov. 25, 2019) and <u>William McElrea v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, No. A-4119-17 (App. Div. Nov. 25, 2019), in our companion opinion rendered today, wherein we rejected similar arguments that the Board misinterpreted N.J.S.A. 43:16A-5(3) in determining eligibility for early service retirement pension benefits one must be a member of PFRS on January 18, 2000, the statute's effective date. Because Thompson was not a PERS member as of January 18, 2000, the Board's determination is consistent with our recent decision in <u>Tasca v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 458 N.J. Super. 47 (App. Div. 2019).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2661-17T4